Stephen L. Robinson for the appellants. I would ask to reserve two minutes for rebuttal. You'll have to help keep track of your time. That's the entire time. Thank you, Your Honor. To start off with, just to personalize this case a little bit, I represent seven plaintiffs, African Americans, who work for the IRS at Fresno. They are among the several hundred people who basically handle our tax returns from the entire western part of the United States. Several of them have worked there for many years. Appellant Rudy Jackson and Tony Hawkins worked there for over 30 years. It was their first and only job after getting out of the military during the Vietnam era. Ms. Williams has worked for over 25 years at the IRS, and she is literally one of the people that, when the taxpayers call up for questions about their income tax returns, she is one of the people that people talk to. All of them, except for maybe Mr. Spike, are career IRS employees. Now, this is a case of the actual administrative complaints in the record. Not in the excerpts. I know they're not in the excerpts. I mean, they're a record. Are they in the record yet, Your Honor? Before the district court. Before the district court. Yes, they were, Your Honor. But we don't have them. Nobody thought to put them in the excerpts. I mean, we can get them, but nobody thought to put them in the excerpts. We believe we filed an excerpt of record. Right. And they're not in the excerpts. Okay. Well, I'm very sorry, Your Honor. We can see that the Court received them, but we submitted them. We have a file stamp copy back at our office. We will provide the Court with them. It makes it practically impossible, of course, to figure out what was exhausted because we don't know what the complaint said. I mean, we will find out. If they're actually in the record, we can get them from the record. But they're not in the excerpts. Well, I'm very sorry, Your Honor. We filed the documents, and we will bring the document. We will file them again with the Court's attention. Essentially, all the appellants here, except for Mr. Alston, filed administrative complaints. They're listed in our opening brief and our reply brief. This appeal asks, in the context of federal employment, what exactly is meant by exhaustion of administrative remedies. Now, the allegation in the motion to dismiss was that the appellants didn't exhaust their administrative remedies. Well, six of them filed administrative complaints, which are in the record and should be before the Court, and unfortunately, they aren't. The question, though, is whether or not the purpose of this administrative remedy is to either facilitate resolution of claims of federal employees short of litigation and or to investigate those claims to determine whether or not they have any merit, or is the purpose to be a procedural roadblock to limit the access of appellants to the Court. Now, the precedent of this Court and most courts in this country is obvious, that the EEOC for federal employees is not meant to be a procedural roadblock. Instead, it is meant to facilitate the resolution of the process. The courts historically have exalted substance over procedural adherence to technicalities which can, in certain cases, defeat the very purpose of the remedy. An example is a very recent case that was decided a little bit over two months ago. It's basically Cross v. Presidio Trust, which is 572 F. 1039, which in that case, the plaintiff essentially sought EEO counseling. They sought EEO counseling with an employee of the EEO unit, but not with somebody labeled an EEO counselor. The defendant objected, claiming that the plaintiff had not exalted. I'm familiar with that case since I wrote it. Is there anybody – is there any issue of that type in this case? No. As to counseling, no. But in terms of the overall exhaustion of remedies, yes. Basically, in terms of the substance of the case, is that our clients have exhausted their remedies. They filed charges. Several of those charges were pending for years, as a matter of fact. But the problem seems to be that not entirely, but in large part, there's a mismatch between the charges they filed and the complaint they filed. That's the – that's the question. Yes. How much of a mismatch is enough to say that you may have exhausted something, but you didn't exhaust what you're going to court on? Well, the Federal precedent, and the precedent in this circuit, going back at least to the Obertshohn case, basically says that they substantially like or reasonably related. Now, the defense in this case concedes in their brief, I believe page 29, that Mr. Jackson's allegations in the complaint essentially match the allegations in his administrative charge. As to Mr. McIntosh, we've compared in our brief his allegations in the complaint with the administrative charge. And they – the only difference is verbal. Now, to give the Court some background, this case was initially filed pro se. It was by, I believe, more than seven plaintiffs. The case was pending in court for over a year and a half. The first complaint was rejected. They attempted to file several other complaints. We received the case in June of 2006, I believe it is. And basically, we immediately filed a second amendment complaint without having basically full benefit of the administrative file. We have since conducted further discovery. We believe that we could amend the complaint, if the Court deems it necessary, to literally track the language of the administrative charges which have been exhausted. And in terms of – in terms of exhaustion, the EEOC has released four of these plaintiffs to essentially sue in Federal court. And they basically adjudged the prior complaint in three of the cases, and I think the current complaint as to one of the cases, as to encompassing the current administrative charges. Can I ask another standard of review question? Is it your understanding that we are reviewing the district court's determination of what was and wasn't exhausted as a fact or as a matter of law? In other words, are we reviewing it for clear error, or are we reviewing it de novo as a matter of law? Well, we believe it's reviewing de novo. The question is whether or not it's been exhausted. It's a question of legal – what's a question of whether or not the matter has been exhausted. And in terms of – and we actually, there's – in terms of – we would cite the case of Freeman v. DirecTV, which is 457F3rd. So that includes findings with regard to what was and wasn't exhausted. McIntosh's finding, yes, Your Honor. We believe that's the case de novo. All right. Which one do you think is the strongest argument? What? Your pardon? Which plaintiff has the strongest argument? Well, in terms of exhaustion, we believe that McIntosh basically tracks almost verbatim his Second Amendment complaint and the charges. And Jackson, they concede that Jackson basically, Second Amendment complaint, embraces information in the administrative charge. As to Mr. Hawkins, his is unusual, because usually it's the reverse. But the Second Amendment complaint is more general, but it embraces the specific language of the administrative charge. Basically, the general language is that he was historically denied promotion to GS-13 level. And, of course, the complaint alleges – of course, the EEOC charge alleges a specific denial of an EEOC – of a grade 13 position. Okay. So we – so we believe that those individuals, even under the current complaint, they basically track the Second Amendment complaint. And we believe if the Court were given an opportunity to amend, we will basically literally translate the charges verbatim into the complaint, so there's no question as to whether or not the party's exhausted. All right. If you – we'll give you a minute on rebuttal, but you've just about used your time. Thank you, Your Honor. Thank you. Good morning, Your Honors, and may it please the Court. My name is Todd Pickles, and I present to the Secretary of the Treasury the Internal Revenue Service. Your Honors, I'd like to begin by responding to some of the argument that's been raised here this morning. What about the questions first? What is – are these administrative complaints in the record, although not in the excerpts? Your Honor, what was presented in the record, and I believe it's – this supplement excerpt's a record, 37 through 144, was a declaration by an IRS employee and the final administrative decisions – or final agency decisions. I know. But I'm asking you whether the actual complaints are in the record. I know they're not in the excerpts. I want to know if they're in the record. I do not believe they are, Your Honor. The only thing that I believe is in the record was this declaration along with the final agency decisions, which construed the claims. Well, how are we supposed to figure out what was exhausted and what wasn't exhausted? Your Honor, I believe it's because the question is whether or not the claims that were either actually investigated or would have been investigated based on the charge. But we don't know what the charge is, because we don't have the charge. Your Honor, what we do have is the agency's interpretation of what the charge is. I know, but we don't have the charge. Now, whose problem is that? Well, I think, Your Honor, actually it would be the plaintiff's burden to come before the court, the district court, to establish jurisdiction once it had been challenged by the IRS. The IRS had submitted evidence, essentially the administrative – final administrative or agency decisions along with the declaration of the IRS employee that challenged jurisdiction at that point. The burden would have shifted to plaintiffs to come forward. The plaintiffs had at that point engaged in discovery and presumably also were aware of what their charges were. So basically what I'm hearing from both sides is that nobody is contending that anything more was before the agency than what was resolved in the agency decisions. And we're to use that as the guide. Correct, Your Honor. And that is what is part of the record. There is not – to my knowledge, and I'll apologize, I was not the counsel of record at the district court, so I'm only speaking based on my review of the record, is that what is in the excerpt of record before this Court is consistent with what was before the district court, and therefore there is nothing beyond that. Okay. Then my next question is what about the standard of review? Your Honor, I believe with respect to the analysis of what – whether or not the charges or the administrative decisions are reasonably related to the judicial allegations, I believe that would be under the de novo standard. That's a question of law. To the extent of determining whether or not something had actually been timely exhausted, I believe that would be a factual determination based on the record that was before the Court. I don't know because we don't have to complain, so we can't possibly know that. Well, Your Honor, based on the – again, I'm referring to the final agency decisions when those – and the decisions within themselves indicate when was the EEO counselor contacted, when was letters submitted to the – That's decades in – Correct. And so on that basis, Your Honor, I think the Court did have a factual basis in order to engage in this type of analysis. Your Honor, I did want to respond to a few of the arguments raised by the appellants. The IRS, in fact, has never conceded that Mr. Jackson's claims are somehow – allegations, I should say, are somehow related to the administrative charges. The – what the IRS noted was that there were some claims with respect to a 1996 time period that would not be covered by the 2000 administrative charge. I think that may be what the appellant is referring to, but in – and certainly in no respect has the government conceded there has been a relationship. With respect to Mr. McIntosh, first, I believe those arguments have been waived, Your Honor. They were not presented to the district court. Second, I believe, Your Honors, the – as set forth in our papers, there is no reasonable relationship. The positions were different and the time periods were different between the charges, at least as set forth in the final agency decisions versus the judicial actions. And finally, with respect to Mr. Hawkins, the – once again, Your Honor, there is a disconnect between the timeframe in which the allegations are set forth in the judicial complaint versus the administrative final agency decision, which encompasses, again, a different time period. And I think under this Court's precedent, when we have different time periods or different facts or different conduct, the Court has determined that there is no reasonable relationship. And I would actually cite, Your Honors, the Vasquez case that was cited by the appellants in their brief at page – reply brief at page 11. I think that case, a recent case from this Court, indicates where we have different time periods or different alleged perpetrators or different conduct, even if it's part of the same general theory of discrimination and harassment. What about the instances in which the EOC didn't go forward with charges on the ground that it was encompassed in the complaint? Now the – now the Government is turning around and saying, no, they're not encompassed in the complaint. And I understand that the question of whether they were or weren't encompassed is a debatable question, but the Government, having taken a position on that administratively, can you just turn around and take the opposite position? Well, Your Honor, the EEO office within the Department of Treasury is supposed to be a neutral arbiter. It's not necessarily taking the position of the Department as it relates to the charges. It's standing back as an independent body, essentially, and it made a determination. In the estimation of the Department, Secretary, the district court had an obligation to look at that anew. It did. It's our position that the district court got it right. Is there any case on that question? The only case we could find, Your Honor, was the Patterson case. It's an unpublished decision from the Fifth Circuit. The facts are slightly different, but it had the same type argument, which is essentially that the – I believe it was the EEOC in that case – had also dismissed a retaliation claim as being encompassed in a judicial complaint. The district court on the Fifth Circuit looked at that and said, no, just because the EEOC said it was doesn't make it so. In that case, there was no Title VII – at least they determined there was no Title VII allegation in the complaint itself, and therefore – again, it was a slightly different situation, but the court nonetheless found that the fact that the EEOC had dismissed under 1614 did not – wasn't somehow binding on the court. Sotomayor, was there any consequence to the employees from the dismissal of the EEO complaint erroneously? In other words, are they – did they lose something, i.e., they didn't get their claims administratively adjudicated on the erroneous assumption that it was encompassed in this case and was going to be adjudicated here, so they got it adjudicated in nowhere. Is that right? Well, two things, Your Honor. First, I think the – they did have recourse. They could have appealed to the EEOC. It was a final agency decision within the department, and therefore, they could have disagreed with that conclusion and taken it to the EEOC. They did not. The determination has simply been that in the district court that the allegations there in the complaint don't match up with those that were before the EEO. There is a final administrative – or agency decision, I should say. Under that – under the regulations in the statute, they now can proceed to court. I'm not taking a position whether or not it's timely. It wouldn't be in our estimation. But nonetheless, the options that were available, and this is the same in the Patterson case, were to have either appealed to the EEOC, which they didn't, or to sort of file the judicial complaint. In this case, because the allegations in the complaint, and that's really what we're talking about here, were beyond the court's subject matter jurisdiction. And finally, what about another opportunity to amend in this case? Your Honor, I don't believe – I believe the district court was correct in not granting leave to amend. Basically, they had two pro se complaints, right? Then they went out and got a lawyer. Then they filed one lawyer-written complaint. Is that right? Correct, Your Honor. The complaint that was before the court had been drafted by counsel. Counsel didn't – plaintiffs didn't seek leave to amend. The court analyzed the complaint, determined that it would have been futile. We've set forth in our papers why we believe it is, essentially that for almost all of – or for all of the plaintiffs, either they had no administrative charge whatsoever, which is in the case of Mr. Alston, or the claims that are in the complaint itself, the judicial allegations, don't match up with anything. You couldn't have fixed those judicial allegations. As for the charges, the time for which to have filed a complaint that had those charges in it had long since passed. And so for that reason, I think leave to amend would have been futile. If the Court has no further questions, and as my time has expired, I respectfully submit and thank the Court. Thank you. I would just – Your Honor, I would just point – yeah, it is correct that the actual complaints were not in file with the Court, only the rem – only the parts of the complaints that had been exhausted. I would, in terms of – So we're supposed to take as true what the EEOC – you're basically stipulating that whatever the EEOC said about – whatever the EEOC said about the complaints is true – is correct. Well, in terms of – we will stipulate that the EEOC only pursued the elements of the claim mentioned in those charges that it referred – it didn't accept all the other charges, other elements in the administrative complaints initially. It didn't accept those charges and only processed the ones that the Court has before it. Okay. And we don't have anything before us. But as to the ones that we – that they say – but their report of what they had, we can accept, of what they operated on. Yes, Your Honor. Now, I would just refer the Court to its JASIC v. Potter case, 302 F. 3rd, 1092, in terms of deference to the findings of the EEOC. Thank you, Your Honor. Thank you. The matter just argued is submitted for decision.
judges: Strom, Schroeder, Berzon